1  PHILLIP A. TALBERT
   Acting United States Attorney
2  ANTONIO J. PATACA
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099

5

6  Attorneys for Plaintiff
   United States of America

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  1:21-CR-00149-DAD-BAM

12                      Plaintiff,         STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
13            v.                           FINDINGS AND ORDER

14  JULIAN LOEZA JR.,

15                      Defendant.

16

17                              **BACKGROUND**

18          This case is set for a Status Conference on December 22, 2021.  On May 13, 2020, this Court

19  issued General Order 618, which suspends all jury trials in the Eastern District of California "until

20  further notice."   Under General Order 618, a judge "may exercise his or her authority to continue

21  matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611

22  issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's

23  discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-

24  by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the

25  request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

26  will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and

27  previous General Orders were entered to address public health concerns related to COVID-19.

28          Although the General Orders address the district-wide health concern, the Supreme Court has

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is

detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a status conference date of March 23, 2022. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for Status Conference on December 22, 2021.

2.      By this stipulation, defendant now moves to continue the case and set a status conference on March 23, 2022, at 1:00 p.m., and to exclude time between December 22, 2021, and March 23, 2022, at 1:00 p.m., under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes over 11,000 pages of reports, wire intercepts, search warrants and affidavits, surveillance videos, photographs, body wire audio recordings, and the recorded statement of the defendant. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.  Supplemental discovery including at least an additional 15,000 pages of documents was also recently produced.

b)      Counsel for defendant desires additional time to review discovery, conduct investigation and research related to the charges, conduct research into any mitigating factors, consult with his client, discuss a potential plea with the government, and to otherwise prepare for

1    trial.

2          c)      Counsel for defendant believes that failure to grant the above-requested

3   continuance would deny him the reasonable time necessary for effective preparation, taking into

4   account the exercise of due diligence.

5          d)      The government does not object to the continuance.

6          e)      Based on the above-stated findings, the ends of justice served by continuing the

7   case as requested outweigh the interest of the public and the defendant in a trial within the

8   original date prescribed by the Speedy Trial Act.

9          f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

10   et seq., within which trial must commence, the time period of December 22, 2021 to March 23,

11   2022, at 1:00 p.m., inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv)

12   [Local Code T4] because it results from a continuance granted by the Court at defendant's

13   request on the basis of the Court's finding that the ends of justice served by taking such action

14   outweigh the best interest of the public and the defendant in a speedy trial.

15      4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

16   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

17   must commence.

18      IT IS SO STIPULATED.

19

20

21   Dated:  December 15, 2021                 PHILLIP A. TALBERT
                                               Acting United States Attorney

22

23                                       /s/ ANTONIO J. PATACA

24                                       ANTONIO J. PATACA
                                      Assistant United States Attorney

25

26   Dated:  December 15, 2021                 /s/ PETER M. JONES

27                                       PETER M. JONES
                                      Counsel for Defendant
                                      JULIAN LOEZA JR.

28

## **ORDER**

IT IS SO ORDERED that the status conference is continued from December 22, 2021, to **March 23, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).


IT IS SO ORDERED.

Dated:   **December 16, 2021**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT